UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: ANIBAL S. MAYOR,

        Petitioner.

Case No. 8:12-mc-152-T-30TGW

_____/

**O R D E R**

Anibal Mayor, a prisoner incarcerated by the Florida Department of Corrections, initiated this cause, *pro se*, by filing a "Motion to Hold AEDPA Time Tolling in Abeyance" (Dkt. 1) in which Mayor requests the Court toll the Antiterrorism and Effective Death Penalty Act's [AEDPA] statute of limitations[1] because he is suffering from "serious mental problems," and currently attempting to exhaust his state court remedies.

Mayor failed to file any underlying pleading, complaint, or petition. Rule 3, Fed. R. Civ. P., provides that "[a] civil action is commenced by filing a complaint with the court." Local Rule 1.03(c) (M.D. Fla.) provides, in pertinent part, that "[n]o application for any order of court shall be made until the case or controversy in which the matter arises has been docketed and assigned by the Clerk as prescribed by subsection (b) of this rule. . . ."

Further, because Petitioner has not filed a federal habeas petition challenging his confinement, and there are no adverse parties and no disputes for the Court to adjudicate, Petitioner essentially seeks an advisory opinion regarding the timeliness of a federal habeas

---

[1] The AEDPA provides for a one-year statute of limitations for state prisoners wishing to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).

petition that he may file in the future. This Court lacks authority to render advisory opinions. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy. . .a federal court [lacks] the power to render advisory opinions. . . .") (internal citation omitted). *See also United States v. Leon*, 203 F.3d 162, 163 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed, "because there is no 'case' or 'controversy' within the meaning of Article III of the Constitution.").

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice to Petitioner filing a petition for the writ of habeas corpus.

2. The **Clerk of Court** shall forward the court-approved form used to initiate a § 2254 case and one Affidavit of Indigency form with Petitioner's copy of this order.

3. The **Clerk of Court** shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 3, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to:
Anibal S. Mayor